```
                                        FILED
                                CLERK, U.S. DISTRICT COURT

                                        4/19/2016

                                CENTRAL DISTRICT OF CALIFORNIA
                                BY: ____CW____ DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUVE LIMITED PARTNERSHIP, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>GERALD LA POINTE, et al.,<br><br>        Defendants. | Case No. CV 16-2570 MWF (SSx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

    The Court will remand this unlawful detainer action to state court summarily because Defendants removed it improperly.

    On April 14, 2016, Defendants Gerald La Pointe and Brandie Holmes, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a), see Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendants' notice of removal asserts that "[f]ederal question [jurisdiction] exists because Defendant's [sic] Answer . . . depend[s] on the determination of Defendant's [sic] rights and Plaintiff's duties under federal law." (Notice at 2, ll. 26-28). These allegations are inadequate to confer federal question jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, 12720 Norwalk Boulevard, Norwalk, California, 90650, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: April 19, 2016

                                                MICHAEL W. FITZGERALD
                                                UNITED STATES DISTRICT JUDGE